IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.                                                        No. 1:24-cr-39

CEDRIC MINGER,

    Defendant.

## PLEA AGREEMENT

Jessica D. Aber, United States Attorney for the Eastern District of Virginia; undersigned counsel for the United States; the defendant, Cedric Minger; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of this Plea Agreement are as follows:

**1.      Offenses and Maximum Penalties**

The defendant agrees to plead guilty to Counts Four and Five of the Indictment. Count Four charges the defendant with conspiracy to steal firearms from federal firearms licensees, in violation of 18 U.S.C. § 371. The maximum penalties for this offense are: a term of 5 years of imprisonment, a fine of $250,000, full restitution as outlined below, forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C. § 3013, and a supervised release term of 3 years. Count Five charges the defendant with stealing firearms from a federal firearms licensee, in violation of 18 U.S.C. §§ 922(u) and 2. The maximum penalties for this offense are: a term of 10 years of imprisonment, a fine of $250,000, full restitution as outlined below, forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C. § 3013, and a supervised release term of 3 years. The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of

supervised release could result in the defendant being returned to prison for the full term of supervised release.

### 2.      Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of U.S.S.G. § 1B1.2(c).

### 3.      Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, the defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

   a.      the right to plead not guilty and to persist in that plea;

   b.      the right to a jury trial;

   c.      the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

   d.      the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 4.      Sentencing Guidelines, Recommendations, and Roles

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States agrees it will recommend a sentence of no more than ten years. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The United States and defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement. Accordingly, any such determinations will be made by the Court at sentencing.

### 5.    Waiver of Appeal, FOIA, and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to

appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal

the conviction and any sentence within the statutory maximum described above (or the manner in

which that sentence was determined) on the grounds set forth in § 3742 or on any ground

whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct

appeal, in exchange for the concessions made by the United States in this Plea Agreement.  This

agreement does not affect the rights or obligations of the United States as set forth in § 3742(b).

The defendant also hereby waives all rights, whether asserted directly or by a representative, to

request or receive from any department or agency of the United States any records pertaining to

the investigation or prosecution of this case, including without limitation any records that may be

sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C.

§ 552a.

### 6.    Dismissal of Other Counts

As a condition of the execution of this agreement and the Court's acceptance of the

defendant's pleas of guilty, the United States will move to dismiss the remaining counts pending

against the defendant at the conclusion of the defendant's sentencing hearing.

### 7.    Immunity from Further Prosecution in This District

The United States will not further criminally prosecute the defendant in the Eastern

District of Virginia for the specific conduct described in the Indictment or Statement of Facts,

except that the United States may prosecute the defendant for any crime of violence or

conspiracy to commit, or aiding and abetting, a crime of violence not charged in the Indictment

as an offense.  In such a prosecution, the United States may allege and prove conduct described

4

in the Indictment or Statement of Facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.

### 8.    Prosecution in Other Jurisdictions

The U.S. Attorney's Office for the Eastern District of Virginia represents that it has contacted the U.S. Attorney's Office for the District of Columbia; the Commonwealth's Attorney's Offices for the City of Alexandria, Fairfax County, and Prince William County; and the State's Attorney's Offices for Harford County, Prince George's County, and Montgomery County, each of which has agreed not to prosecute the defendant for the offenses charged in the Indictment or the conduct described in the Statement of Facts.

### 9.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. §§ 3613 and 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

5

**10.     Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

**11.     Restitution**

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), and the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court.  Pursuant to § 3663A(c)(2), the defendant further agrees that an offense listed in § 3663A(c)(1) gave rise to this Plea Agreement and, as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution.  Without limiting the amount of restitution that the Court must impose, the parties agree that restitution should be imposed in an amount of at least $60,000.

The parties acknowledge that determination of the identities, addresses, and loss amounts for all victims in this matter is a complicated and time-consuming process.  To that end, the defendant agrees that, pursuant to 18 U.S.C. § 3664(d)(5), the Court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90-day provision found at § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

The defendant understands that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant.  The defendant further understands that restitution will be enforced pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m).

**12.    Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case.  The defendant agrees to forfeit all interests in any firearms-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for the following: property used in or involved in the offense.  The defendant agrees that the assets subject to forfeiture include, but are not limited to, the following specific property:  a monetary judgment in the amount of at least $23,031.43 (the total retail value of the firearms that have not been recovered and are therefore unavailable), for which the defendant shall be jointly and severally liable with all co-defendants who obtained the same sums or a portion thereof, as well as the following firearms along with all accompanying magazines and ammunition:

| Manufacturer | Model | Type | Caliber | Serial Number |
|---|---|---|---|---|
| Adams Arms | P1 | Rifle | 5.56x45mm | AA0015822 |
| B&T | APC9SD | Silencer | 9mm | US-22649915 |
| B&T | SD-123377 | Silencer | 9mm | US-231594 |
| B&T | Impuls-OLS | Silencer | 9mm | US-2210119 |
| B&T | APC9 | Short-barreled Rifle | 9mm | US-2212942 |
| B&T | APC9 | Short-barreled Rifle | 9mm | US-2212945 |
| B&T | APC9 K | Pistol | 9mm | US-2243498 |
| B&T | APC9 SD | Pistol | 9mm | US-22-64991 |
| B&T | APC9 PRO | Pistol | 9mm | US-22-68358 |
| B&T | SPC9 PDW | Short-barreled Rifle | 9mm | 22-72795 |
| BP Firearms | Sandman K | Silencer | 7.62mm | MPA-02056 |
| Canik | TP9 | Pistol | 9mm | 22BN06900 |
| Canik | TP9 Elite | Pistol | 9mm | BN21635 |
| Colt | Mark IV | Pistol | .45 | FG92648 |
| Colt | 1911 | Pistol | .45 | 26946 |
| Daniel Defense | M4 V7 | Rifle | 5.56x45mm | DDM4384436 |
| FN | 509 CT | Pistol | 9mm | GKS0209727 |

7

| Geissele | Super Duty | Rifle | 5.56x45mm | SD556036485 |
|---|---|---|---|---|
| Glock | G36 | Pistol | .45 | BYDM519 |
| Glock | G28 | Pistol | .380 | AHSL641 |
| Glock | G47 | Pistol | 9mm | BZLY594 |
| Glock | G30S | Pistol | .45 | BYSL936 |
| Glock | G17 Gen 4 | Pistol | 9mm | ZLC872 |
| Glock | G17 Gen 4 | Pistol | 9mm | ZLC890 |
| Glock | G17 Gen 4 | Pistol | 9mm | ZLC868 |
| Glock | G17 Gen 4 | Pistol | 9mm | ZLC865 |
| Glock | G19 X | Pistol | 9mm | BYFY781 |
| Glock | G21 | Pistol | .45 | AGUW769 |
| Glock | G33 | Pistol | .357 | CFR326US |
| Glock | G17 Gen 4 | Pistol | 9mm | BAGM942 |
| Glock | G22 | Pistol | .40 | UFA551 |
| Glock | G22 | Pistol | .40 | VGM314 |
| Glock | G30 | Pistol | .45 | BDKA963 |
| Glock | G17 | Pistol | 9mm | JQ3368 |
| Glock | G23 C | Pistol | .40 | DTB357US |
| Glock | 45 MOS | Pistol | 9mm | BZXW630 |
| Glock | G17 Gen 4 | Pistol | 9mm | ZFB401 |
| GSG | Firefly | Pistol | .22 | F404287 |
| Kimber | EVO SP | Pistol | 9mm | B0008922 |
| LWRC | M6 | Short-barreled Rifle | 5.56x45mm | 03-14587 |
| Ruger | SR40C | Pistol | .40 | 34332431 |
| Sig Sauer | M400 | Rifle | 5.56x45mm | 200L110504 |
| Smith & Wesson | M&P 22 | Pistol | .22 | HJS9534 |
| Smith & Wesson | M&P 15 | Rifle | 5.56x45mm | TU6672 |
| Smith & Wesson | M&P 380 Shield EZ | Pistol | .380 | RHF1722 |
| Springfield | Hellcat | Pistol | 9mm | BB529240 |
| Springfield | XD 45 | Pistol | .45 | US685526 |
| TISAS | 1911 | Pistol | .45 | T062021AK01910 |
| Walther | PDP | Pistol | 9mm | FDP7647 |
| Walther | PDP F | Pistol | 9mm | 07298GB |
| Walther | PDP F | Pistol | 9mm | 00591GB |
| Walther | DE2022 | Pistol | 9mm | FDR7025 |

The defendant understands that if the assets subject to forfeiture are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the unavailable assets. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014).   The defendant acknowledges that as a result of the defendant's acts or omissions, the actual proceeds the defendant obtained as a result of the offense ($23,031.43) are not available and the defendant stipulates that one or more of the factors listed at 21 U.S.C. § 853(p)(1) are present in this case.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

13.    **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).  The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The defendant understands and agrees that all

9

property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating the offense, property used or involved in the offense, and substitute assets for property otherwise subject to forfeiture.

## 14.   The Defendant's Obligations Regarding Assets and Financial Investigation

The defendant agrees to fully participate in the United States' pre- and post-judgment financial investigation. Such participation includes the identification of assets in which the defendant has any legal or equitable interest to determine what assets may be available for payment to restitution, forfeiture, and/or any fine imposed in this case. The defendant agrees that the defendant's financial information is subject to investigation and disclosure pre-judgment to the same extent as financial information will be subject to discovery after judgment is imposed. The defendant understands that 31 U.S.C. § 3711(h)(1) permits the United States to obtain the defendant's credit report after sentencing and expressly authorizes the United States to obtain the defendant's credit report prior to sentencing in this case. The defendant understands that the United States has sole discretion over whether it will obtain the defendant's credit report pursuant to this Plea Agreement. If the United States determines that it will obtain the defendant's credit report prior to sentencing pursuant to this Plea Agreement, the defendant authorizes the United States, and the United States agrees, to provide a copy to defense counsel upon request. The defendant understands that failure to participate in the financial investigation as described in this paragraph may constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

Within 14 days of a request by the United States, or other deadline agreed upon by the parties, the defendant agrees to provide all information about all of the defendant's assets and financial interests to the United States and the Probation Office and, if requested, submit to a

debtor's examination, complete a financial disclosure statement under penalty of perjury, and/or undergo any polygraph examination the United States may choose to administer concerning such assets and financial interests.  The defendant also agrees to provide or consent to the release of the defendant's tax returns for the previous five years.  The defendant understands that assets and financial interests subject to disclosure include assets owned or held directly or indirectly, individually or jointly, in which the defendant has any legal interests, regardless of title, including any interest held or owned under any other name, trusts, and/or business entities presently and since date of the first offense giving rise to this Plea Agreement, or giving rise to the charges presently pending against the defendant, whichever is earlier.

The defendant shall identify all assets valued at more than $5,000 that have been transferred to third parties since the date of the first offense giving rise to this Plea Agreement, including the location of the assets and the identities of third parties to whom they were transferred.  The defendant agrees not to transfer any assets valued at more than $5,000 without approval of the Asset Recovery Unit of the U.S. Attorney's Office until the fine, forfeiture, and restitution ordered by the Court at sentencing are paid in full or otherwise terminated by operation of law.  The defendant agrees to take all steps requested by the United States to obtain from any other parties by any lawful means any records of assets contemplated by this paragraph in which the defendant has or had an interest.  Until the fine, forfeiture, and restitution ordered by the Court are paid in full or otherwise terminated by operation of law, the defendant agrees to notify the Asset Recovery Unit of the U.S. Attorney's Office of a change in address within 30 days of such change.

The United States will not use any truthful and complete information provided by the defendant pursuant to this paragraph for additional criminal offenses against the defendant in the

11

Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides pursuant to the defendant's obligations under this paragraph will be used in determining the applicable guideline range, except as provided in § 1B1.8(b). Nothing in this agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the United States in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action or restitution enforcement action, whether criminal or civil, administrative or judicial.

**15.     Breach of the Plea Agreement and Remedies**

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.     The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

b.     The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of

12

the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

c.  Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

### 16.   Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty. Any modification of this Plea

13

Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Jessica D. Aber
United States Attorney

By: _____
Meredith J. Edwards
Assistant United States Attorney

**Defendant's Signature**: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment.  Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this Plea Agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: _____ June 3, 2024 _____
Cedric Minger
Defendant

**Defense Counsel's Signature**: I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to the pending Indictment.  Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: _____ June 3, 2024 _____
Chong Park, Esq.
Counsel for the Defendant

15